**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8    In re:

9    RALBERT RALLINGTON BROOKS-              No C 05-2865 VRW
     HAMILTON,
10                                           Bankr No 03-44829 LTJ

11           Debtor

12   _____              ORDER

13   RALBERT RALLINGTON BROOKS-
     HAMILTON,
14
                  Appellant,
15
             v
16
     CITY OF OAKLAND,
17
                  Appellee.
18   _____/

19

20           On August 25, 2005, the court ordered briefing on two

21   questions raised in connection with the interlocutory appeal of

22   appellant Ralbert Rallington Brooks-Hamilton from a July 7, 2005

23   order of the bankruptcy court.  In response, appellee City of

24   Oakland filed a brief addressing (1) whether the bankruptcy court's

25   July 7, 2005 order was a final, appealable order under 28 USC §

26   158(a) and (2) the merits of the appellant's motion for preliminary

27   relief.  The City also lodged with the court the transcript of the

28   July 7, 2005 hearing in the bankruptcy court.

In reply, appellant filed a nineteen-page document that appears to be a combination reply brief addressing the merits of his request for preliminary injunctive relief (but not the jurisdictional question on which the court requested briefing) and amended complaint purporting to allege causes of action styled "quiet title," "equitable estoppel" and "civil rights violation."

I

On July 13, 2005, appellant filed a notice of appeal with this court (Doc # 1), seeking to appeal a minute order of the bankruptcy court entered July 7, 2005 by which the bankruptcy court approved the sale of a warehouse located at 880 27th Street in Oakland, California (the "warehouse") that formed part of the Chapter 7 bankruptcy estate.  At the same time, appellant filed a motion for a preliminary injunction (Doc # 3) seeking to stay proceedings in the bankruptcy court.

Appellant's primary allegation is that he was deprived of due process in connection with the sale of the warehouse.  In specific, his papers recite the events of July 7 as follows:

> On 7 July there was a hearing at the Bankruptcy Court based on a motion filed by the Bankruptcy Trustee, by and through his attorney to approve the sale of real property of the DEBTOR/APPELLANT, to wit, his warehouse.

> At said time and place, and in the presence of Judge Leslie Tchaikovsky, DEBTOR/APPELLANT informed the Judge that he was prepared to pay the sum equal to the sum of $538,000 that was offered to the Trustee accepted by the Appellee City of Oakland.

> The Judge refused to consider the DEBTOR/APPELLANT offer thus, denying his equal protection due process under the law.

United States District Court

For the Northern District of California

Appellant's Request for Preliminary Injunction (Doc # 3) at 2.

The bankruptcy court's minute order from July 7, 2005, as pertinent to the matters before this court, states:

> 2) Trustee's motion granted to approve sale of warehouse free and clear of liens of the claim of interest of the trust based on a bona fide dispute, and the court permits the trustee to conduct the sale subject to overbids.  3) Trustee's motion to approve agreement with City of Oakland and settlement of pre-petition claims is approved.  4) There will be 2 overbid procedures: one as to the warehouse, and the second one as to claims.  5) The auction sale of warehouse conducted in the courtroom.  The successful overbidder is Mr Ken Sherman at $590,000.  And Mr Yao Guang Qiu as back up offer at $585,000.  The sale, with terms as stated by Ms Khatiblou on the record, is approved by the court.  Ms Khatiblou to submit a proposed order.

Bankr Doc # 162.

On July 22, 2005, the bankruptcy court entered a written order on the motions heard July 7.  The order recited that purchasers Ken Sherman and San Manh were found to be purchasing the warehouse property in good faith, and authorized the trustee "to execute any and all documents, and take any and all actions necessary to complete the sale approved by this order."  Bankr Doc # 180.

In the interim, on July 18 and 20, the trustee filed papers in support of a supplemental motion heard on shortened time to sell the warehouse free and clear of liens.  The motion, according to the trustee's papers, was prompted by "information discovered by the Trustee after the hearing on the Sale Motion."  Bankr Doc # 171, ¶ 7.  The trustee's papers recited that on July 12, apppellant had filed an action to quiet title to the warehouse in superior court.  (The City of Oakland later removed that action to the bankruptcy court on August 8.  Bankr Doc #192.)

\\

3

United States District Court

For the Northern District of California

On July 28, 2005, in anticipation of a hearing on the trustee's motion in the bankruptcy court the next day, appellant filed papers in this court requesting a stay of "any further action by the Bankruptcy Court" pending adjudication of his appeal.  Doc # 5.

On July 29, 2005, the bankruptcy court held a hearing on the trustee's supplemental motion to sell the warehouse free and clear of grant deeds recorded post-petition purporting to convey the property to appellant's children.  According to the minutes of that hearing, the bankruptcy court granted the motion to sell the warehouse free and clear of "recordation of 2 grant deeds ercorded post-petition."

On August 4, 2005, appellant filed more papers seeking a preliminary injunction and stay of proceedings in the bankruptcy court, reciting that at the hearing on July 29, the bankruptcy court had granted the trustee's motion to sell the warehouse free and clear of liens.  Doc # 6.  Those papers mentioned appellant's action to quiet title in superior court pertaining to the warehouse and were accompanied by a notice of lis pendens.

On August 8, 2005, the bankruptcy court entered a written order authorizing the trustee to sell the warehouse free of two specifically described grant deeds – one a "grant deed gift" in favor of "B.H. & Associates Unincorporated Bus. Org. Family Holding Trust," the other a "California grant deed" recorded in favor of the "Brooks Hamilton Unincorporated Family Business Pure Trust Organization Holding Trust, Ralbert Brooks Hamilton as Trustee." Bankr doc # 193.  The latter was recorded against the property on July 8, 2005, the day after the hearing at which the bankruptcy

\\

**4**

United States District Court

For the Northern District of California

court conducted the auction sale of the warehouse.  The bankruptcy court entered no further orders pertaining to the warehouse after August 8.

On August 9, 2005, the City of Oakland appeared in this action in this court, filing an affidavit and request for judicial notice in opposition to appellant's motion for a preliminary injunction.  Doc ## 8, 9.  In response to the court's August 25 order requesting further briefing,the parties submitted the papers described on page 1 of this order.

II

First, the court must determine whether it has jurisdiction over this appeal and motion.  District courts have jurisdiction to hear appeals from "final judgments, orders and decrees" and from certain interlocutory orders.  28 USC § 158(a).

As the Ninth Circuit's Bankruptcy Appellate Panel pointed out in In re Belli, 268 BR 851, 855 (9th Cir BAP 2001), determining finality in the bankruptcy context is not always straightforward:

> Applying the concept of finality under 28 USC § 158(a)(1) for appeals "as of right" has bedeviled courts because the idiosyncracies of bankruptcy sometimes make it difficult to discern whether orders entered in bankruptcy cases are final in the classic sense of ending litigation on the merits and leaving nothing for the court to do but execute the judgment.

The Ninth Circuit has stated that, in assessing the appealability of a district court's order on an appeal from a bankruptcy court, "[b]ecause of the unique nature of bankruptcy proceedings, we apply a pragmatic approach to determining finality."  In re Saxman, 325 F3d 1168 1171 (9th Cir 2003).

\\

5

**United States District Court**

For the Northern District of California

1    Appellant filed his notice of appeal following entry of a

2    minute order by the bankruptcy court.  Appellee City of Oakland

3    cites <u>Ingram v Acands, Inc</u>, 977 F2d 1332, 1339 (9th Cir 1992), which

4    discusses at length the factors to be considered by the appellate

5    court in determining whether a minute order is appealable.  These

6    include consideration of various forms of minute orders, with or

7    without written orders following them.  More closely on point is <u>In</u>

8    <u>re Sperna</u>, 173 BR 654, 657 (9th Cir BAP 1994), which holds that if a

9    minute entry fully adjudicates the issues and clearly evidences

10   court's intent that that order be court's final act, the minute

11   entry will be treated as a final order for purposes of appeal in a

12   bankruptcy case.  If a minute order clearly contemplates further

13   action by the court, a notice of appeal may be treated as a request

14   to file an interlocutory appeal.  Id at 658.

15       Rule 8003 of the Federal Rule of Bankruptcy Procedure

16   governs requests to file interlocutory appeals.  The would-be

17   appellant must file a motion setting forth:  (1) a statement of the

18   facts necessary to an understanding of the questions to be presented

19   by the appeal; (2) a statement of those questions and of the relief

20   sought; (3) a statement of the reasons why an appeal should be

21   granted; and (4) a copy of the judgment, order, or decree complained

22   of and of any opinion or memorandum relating thereto.  If a notice

23   of appeal is filed without a motion, the district court may either

24   grant leave to appeal or may direct the filing of a motion for leave

25   to appeal.

26       The Ninth Circuit has held in the bankruptcy context that

27   a premature appeal from an order of a district court exercising

28   appellate jurisdiction over a bankruptcy matter could be "cured" by

\\

entry of a final judgment on the merits, which transformed an interlocutory appeal into an appealable final order.  In re Eastport Associates, 935 F2d 1071, 1075 (9th Cir 1991).  The avoidance of piecemeal review is the foremost guiding principle in determining finality in the bankruptcy context.  Id.  The factors considered in determining finality include: (1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) systemic interest in preserving the bankruptcy court's role as factfinder; and (4) whether further delay would cause either party irreparable harm.  In re Saxman, 325 F3d at 1171.

Applying these principles to the somewhat tangled procedural history of this appeal to date, the court holds: (1) the July 7 minute order was not an appealable, final order; (2) appellant's notice of appeal was premature, although the court was not required to dismiss the appeal but rather could properly treat it as a motion for leave to file an interlocutory appeal; (3) the bankruptcy court's entry of two subsequent written orders apparently disposing of all issues pertaining to the warehouse "cured" the prematurity of appellant's notice of appeal; and (4) the court may now exercise jurisdiction over appellant's appeal and motion for preliminary relief.

III

The court next addresses appellant's request for preliminary injunctive relief.  Appellant has requested a stay under Rule 8005 of the Federal Rules of Bankruptcy Procedure as well as a preliminary injunction.

\\

**United States District Court**
For the Northern District of California

1    Rule 8005 of the Federal Rules of Bankruptcy Procedure
2    provides that "[a] motion for a stay of the judgment, order, or
3    decree of a bankruptcy judge * * * or for other relief pending
4    appeal must ordinarily be presented to the bankruptcy judge in the
5    first instance. * * * A motion for such relief, or for modification
6    or termination of relief granted by a bankruptcy judge, may be made
7    to the district court or the bankruptcy appellate panel, but the
8    motion shall show why the relief, modification, or termination was
9    not obtained by the bankruptcy judge." Appellant did not comply with
10   the procedural prerequisites for requesting a stay under Rule 8005.

11   As a practical matter, there is little difference between
12   the standards for issuing a stay under Rule 8005 and the standards
13   for a preliminary injunction:  a strong likelihood of success on the
14   merits combined with the possibility of irreparable injury if the
15   stay is denied or, in an alternative formulation, serious legal
16   questions are raised and the balance of hardships tips sharply in
17   favor of the moving party.  <u>See, e g, In re Pacific Gas and Electric</u>
18   <u>Co</u>, 2002 WL 32071634 (N D Cal 2002).  The court's August 25 order
19   stated: "Appellant's papers do not address the standard for
20   preliminary injunctive relief under either standard.  Without more,
21   the request for injunctive relief and/or a stay will be denied."
22   Doc # 10.

23   Appellant's reply papers assert that the "irreparable"
24   harm that will ensue if this court does not intervene is the sale of
25   the warehouse, which he describes as a "very un-replaceable asset,"
26   at "only 1/3 its real market value."  Doc # 12 at 3.  Financial harm
27   is not "irreparable" because a remedy is available in the form of
28   money damages in the event the matter is adjudicated in appellant's
     \\

United States District Court

For the Northern District of California

favor.  Furthermore, a commercial warehouse is hardly a unique property; warehouses are plentiful in number.  Appellant offers no explanation for his assertion that the warehouse cannot be replaced.

Appellant asserts that he is likely to prevail on the merits, but offers no substance in support of this assertion.  He states that the bankruptcy court has been "very bias and intimidating though-out the case and warned/threatened to fine the Debtor if he continues to defend himself in her court.  Debtor has loss any and every motion, including the sanctioning, fining and the disbarring of his counsel."  Id.  These recitations do not buttress appellant's assertion that he is likely to prevail on the merits of his appeal to this court.  Moreover, the court has reviewed the transcript of the July 7 hearing (lodged with the court September 1, 2005) and finds that it does not bear out appellant's contention that he attempted to bid on or otherwise buy the warehouse from the bankruptcy estate.  Rather, appellant submitted objections to the sale along the lines that the warehouse was not part of the bankruptcy estate because he had conveyed it to his children.  These objections were overruled and the sale went forward in favor of bona fide purchasers.

Appellant has not met his burden for obtaining preliminary injunctive relief.  His motions for such relief are therefore DENIED.

The court now orders as follows:

1.  Appellant's request for preliminary injunctive relief is DENIED.

2.  If appellant wishes to pursue his appeal of the bankruptcy court's orders, he shall perfect his appeal as provided

\\

United States District Court

For the Northern District of California

by Rule 8006 of the Federal Rules of Bankruptcy Procedure, and he shall file his brief within thirty (30) days of the date of this order.  The remaining briefing shall be in accordance with the briefing schedule set forth in Bankruptcy Local Rule 8007-1(b).  The parties are hereby advised that if appellant does not perfect his appeal and/or file his brief within the time provided, the court will construe said inaction as abandonment of the appeal and will dismiss the appeal on its own motion.

3.  Appellant is advised that his attempt to assert causes of action against the City of Oakland and the purchasers of the warehouse through his papers filed in these appellate proceedings is improper.  The court will therefore disregard the pleadings contained within appellant's reply brief submitted in support of his motion for preliminary relief; the purported defendants will not be required to answer the allegations.  The purported causes of action must be brought, if at all, by means of a separate lawsuit.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge